[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on a hearing in damages after a default for failure to appear. The plaintiff seeks money damages for nonpayment of a note in the amount of $10,000.00 plus interest and costs of collection.
The case has been delayed by the defendant's filing in bankruptcy, and plaintiff's counsel has filed an affidavit advising the court that the filing under Chapter 7 of the bankruptcy code has been adjudicated and that "as of the date of this affidavit, the bankruptcy case has been discharged and the plaintiff has filed a claim for hearing in damages contemporaneously herewith."
The plaintiff takes the position that although the defendant was granted a discharge in bankruptcy, the debt that is the subject of this lawsuit was not discharged and can be pursued to judgment in this court to the extent that it is a secured claim.
The note itself does not identify any security interest; however, the plaintiff takes the position that the note is a secured claim by virtue of the plaintiff having been granted a prejudgment attachment of the defendant's real property at the inception of this suit.
The defendant is reported to have filed under Chapter 11 of the bankruptcy code, and that filing is reported to have been converted to a Chapter 7 filing. The prejudgment attachment applies to eighteen properties, none of which is identified in the pleadings as being the defendant's primary residence or homestead. No exemption has been claimed to apply to the attached property.
Pursuant to § 506 of the Bankruptcy Code, an allowed claim of a creditor secured by a lien on property in which the bankrupt's estate has an interest is a secured claim to the value of such creditor's interest in the estate's interest in the property. Any claim beyond the amount of the lien is unsecured. CT Page 6516
The defendant has not disputed that the plaintiff's claim was an allowed claim in the bankruptcy proceeding and he has not claimed that any of the liened property is exempt. The term "lien" as used in section 506(a) is defined broadly at § 101 to mean any "charge against or interest in a property to secure payment of a debt or performance of an obligation." 3 Collier on Bankruptcy, ¶ 506.04. An allowed claim may be a secured claim regardless of whether the lien was created by agreement, statute or judicial process. id., p. 506-20. A lien arising from a state court attachment proceeding has been held to be a judicial lien.Krupp v. Doyle, (In re Laird) 2 CB C2d 1299 (B.C.E.D. Pa. 1980).
Section 506(b) of the Bankruptcy Act further provides that if the value of the property to which the lien applies is greater than the amount of the claim, the holder of the lien may recover interest on the claim. The movant has not produced any evidence from which such a determination can be made, and recovery against the liened property is therefore limited to the amount of the prejudgment attachment, $14,000.00.
The court finds that the defendant is not in the military service.
On the basis of the affidavit of debt, the court finds that there is due and owing principal in the amount of $10,000.00, interest in the amount of $4,583.77, and a reasonable attorney's fee in the amount of $1,500.00, pursuant to an agreement in the terms of the note to pay reasonable costs of collection.
Because of the limitation identified above as to a secured claim, judgment shall enter in favor of the plaintiff in the amount of $14,000.00, without recovery of court costs.
Beverly J. Hodgson Judge of the Superior Court